## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

OLAMIDE FAJIMOLU, *individually and on behalf of all others similarly situated*

        Plaintiff,

v.

FIDATO PARTNERS, LLC
500 East Swedesford Road, Suite 300
Wayne, PA 19087

        Defendant.

Civil Action No.: _____

**JURY TRIAL DEMANDED**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Olamide Fajimolu ("Plaintiff") hereby brings this action against Defendant Fidato Partners, LLC ("Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant unlawfully failed to pay her and other similarly-situated individuals employed in the position of Consultant and/or Accountant Services ("Class Plaintiffs") overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff also brings this complaint contending the Defendant unlawfully discriminated against Plaintiff and other similarly-situated women employed in the position of Consultant and/or Accountant Services ("EPA Collective Plaintiffs") with respect to pay disparities on the basis of sex, in violation of the Fair Labor Standards Act, as amended by the Equal Pay Act ("EPA"), 29 U.S.C. § 206, *et seq.*

3.      Plaintiff was an employee of Defendant who was employed in the position of Consultant and/or Accountant Services.  During the course of their employment, Plaintiff and Class Plaintiffs regularly work/worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendant unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt" under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked.  Accordingly, Plaintiff contends that Plaintiff and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

4.      Plaintiff brings this action as a representative under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

5.      Plaintiff brings this action as a representative under the EPA for injunctive and declaratory relief, monetary damages, and other make-whole relief for Defendant's willful, unlawful, and improper discriminatory conduct.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

7.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims as those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

10.     Plaintiff Olamide Fajimolu is a citizen of the United States and Pennsylvania and currently resides at 5300 Gainor Road, Philadelphia, PA 19131.

11.     Defendant Fidato Partners, LLC is a for-profit business duly organized and existing under the laws of the Commonwealth of Pennsylvania, with an address registered with the Pennsylvania Secretary of State of 500 East Swedesford Road, Suite 300, Wayne, PA 19087, and a principal place of business located at 500 East Swedesford Road, Suite 300, Wayne, PA 19087.

12.     Defendant is a "private employer" and covered by the FLSA.

13.     Plaintiff, Class Plaintiffs, and EPA Collective Plaintiffs are employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

14.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of the employment and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

3

16.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

17.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Consultant and/or Accountant Services or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on an hourly basis, and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that Plaintiff and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of: (a) misclassifying their Consultants and/or Accountant Services as "exempt" under the FLSA; and/or (b) failing to accurately track and compensate Plaintiff and Class Plaintiffs for all hours worked.

18.     Plaintiff estimated that there are in excess of twenty (20) other similarly situated Consultants and/or Accountant Services who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

19.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were

4

similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendant's misclassification of them as "exempt" employees under the FLSA and/or failure to accurately track and compensate them for all hours worked, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

20.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them to the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

21.     Paragraphs 1 through 20 are hereby incorporated by reference as though the same were fully set forth at length herein.

22.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years in the position of Consultant and/or Accountant Services or in positions with substantially similar job duties who were paid on an hourly basis, and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

23.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

24.     Pursuant to the Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.      Whether Plaintiff and Class Plaintiffs are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.      Whether Defendant improperly classified Plaintiff and Class Plaintiffs as employees exempt from overtime compensation under the PMWA;

C.      Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and Class Plaintiffs; and

D.      Whether Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week.

25.     Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

26.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

27.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.      Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common question of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28.      A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interest.

## EPA COLLECTIVE ACTION ALLEGATIONS

29.      Paragraphs 1 through 28 are hereby incorporated by reference as though the same were fully set forth at length herein.

30.     This action is brought as a collective action to recover monetary damages and other make-whole relief, as well as injunctive and declaratory relief, owed to Plaintiff for Defendant's unlawful policies and practices with respect to pay disparities, in violation of the EPA.

31.     Defendant has engaged in systemic gender discrimination in pay against Plaintiff and EPA Collective Plaintiffs.

32.     Defendant has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and performance management policies, and centralized decision making.

33.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated female Consultants and/or Accountant Services presently or formerly employed by Defendant who were paid less than male employees doing the same or similar work for claims under the EPA.

34.     Plaintiff and EPA Collective Plaintiffs are similarly situated in that they are female Consultants and/or Accountant Services at Defendant's and have been affected by policies and practices that have the purpose and effect of denying them employment opportunities because of their gender.

35.     There are many similarly situated EPA Collective Plaintiffs who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Notice should be sent to the collective pursuant to 29 U.S.C. § 216(b).

36.     Questions of law and fact common to Plaintiff and the collective include, but are not limited to, the following:

A.      Whether Plaintiff and EPA Collective Plaintiffs were subjected to an unlawful common policy that resulted in unequal pay for equal work;

B.      Whether Defendant unlawfully failed and continues to fail to compensate EPA Collective Plaintiffs at a level commensurate with similarly situated male employees;

C.      Whether Defendant's policy, practice, or procedure of failing to compensate EPA Collective Plaintiffs at levels commensurate with comparable male employees violates applicable provisions of the EPA; and

D.      Whether Defendant's failure to compensate EPA Collective Plaintiffs at a level commensurate with comparable male employees was willful within the meaning of the EPA.

## FACTUAL BACKGROUND

37.     Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38.     On or about June 14, 2019, Defendant hired Plaintiff into the position of Consultant and/or Accountant Services.

39.     During the course of her employment, Defendant unlawfully classified Plaintiff as an "exempt" employee from overtime compensation.

40.     At all times relevant hereto, Plaintiff was compensated on an hourly basis. Additionally, Plaintiff was paid on a semi-monthly basis.

41.     Plaintiff routinely worked over forty (40) hours per week. Specifically, Plaintiff routinely worked approximately fifty-five (55) to sixty (60) hours per week.

42.     However, Plaintiff did not receive overtime compensation for the hours worked in excess of forty (40) per workweek. Rather, Plaintiff was compensated at her regular rate of pay (i.e., "straight time") for all hours worked.

43.    From June 14, 2019 to August 28, 2019, Plaintiff was not paid overtime compensation at a rate of 1.5 times her regular rate of pay for hours worked in excess of forty (40) in a workweek.

44.    By way of example, during the period end date of June 30, 2019, Plaintiff worked 102.48 hours, but did not receive any overtime compensation for the approximately twenty-two (22) hours of overtime she worked that workweek.

45.    Upon information and belief, during the workweek of June 24, 2019, Plaintiff worked fifty-one (51) hours, but did not receive any overtime compensation for the approximately eleven (11) hours of overtime she worked that workweek.

46.    In or around July 2019, Plaintiff complained to Defendant's Human Resources ("HR") Department with respect to not receiving overtime compensation. By way of response, Jenn Stein ("Ms. Stein"), Chief Accountant Officer ("CAO"), told Plaintiff, "Pennsylvania law does not require payment of overtime because she is professionally exempt."

47.    Notably, Ms. Stein then met with Class Plaintiffs informing them they were "professionally exempt" from overtime because they were paid on a "fee basis" for each hour worked.

48.    Shortly thereafter, on or about August 28, 2019, Defendant terminated Plaintiff's employment.

### Facts Pertaining to Plaintiff's Collective/Class Claims for Unpaid Overtime Compensation

49.    Paragraphs 1 through 48 are hereby incorporated by reference as though the same were fully set forth at length herein.

50.    In their capacities as Consultants and/or Accountant Services, Plaintiff and Class Plaintiffs provided document reviews and regulatory compliance services.

51.     Plaintiff and Class Plaintiffs' primary job responsibilities in their capacities as Consultants and/or Accountant Services include fixing client reconciliations, reviewing regulations, ensuring quality control, and providing compliance recommendations.

52.     Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendant, who instruct Plaintiff and Class Plaintiffs where and when to report to work.

53.     Defendant maintains similar control over the manner by which Plaintiff and Class Plaintiffs perform their duties as Consultants and/or Accountant Services, in that Defendant is responsible for assigning clients and work to Plaintiff and Class Plaintiffs and determining the schedule and length of work.

54.     Plaintiff and Class Plaintiffs are required to perform the aforementioned work in accordance with certain specific guidelines and protocols provided by Defendant.

55.     Plaintiff and Class Plaintiffs also receive performance evaluations from Defendant, along with performance feedback, and discipline for failing to perform in accordance with Defendant's expectations.

56.     Defendant's Consultants and/or Accountant Services are/were compensated on an hourly basis for work deemed by Defendant to be compensable during their scheduled shifts.

57.     During a typical workday, Monday through Friday, Plaintiff, and upon information and belief, Class Plaintiffs who worked as Consultant and/or Accountant Services, typically worked, on average, approximately fifty-five (55) to sixty (60) hours per workweek.

58.     Defendant paid Plaintiff, and upon information and belief, Class Plaintiffs, her/their regular rate of pay (i.e. "straight time") for all hours worked.

59.    Defendant unlawfully misclassified Plaintiff and Class Plaintiffs working as Consultants and/or Accountant Services as "exempt" employees, thus determining that they were not entitled to overtime compensation under the FLSA and PMWA.

60.    Defendant failed to pay Plaintiff and Class Plaintiffs working as Consultants and/or Accountant Services any overtime compensation for the hours worked over forty (40) in a workweek.

61.    Upon information and belief, Defendant continues to deny Class Plaintiffs wages and overtime compensation for compensable work performed.

62.    Plaintiff and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the executive, administrative, or professional exemptions under the FLSA/PMWA.

63.    Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

64.    The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

65.    In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

66.    Plaintiff and Class Plaintiffs are/were non-exempt within the meaning of the FLSA/PMWA as they are/were compensated on an hourly basis. Because Plaintiff and Class Plaintiffs are/were paid hourly, they did not qualify for the executive, administrative, and/or learned professional exemptions under the FLSA/PMWA. All require Plaintiff and Class Plaintiffs to be paid on a bona fide salary basis or fee basis. See 29 CFR §§ 541.100, 541.200, and 541.300.

67.     Additionally, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.  Plaintiff and Class Plaintiffs do/did not have the authority to hire, fire, or discipline other employees of Defendant, nor do/did they make recommendations with respect to employee status changes to which Defendant gives substantial weight.  Additionally, Plaintiff and Class Plaintiffs are/were paid on an hourly basis.

68.     Accordingly, Plaintiff and Class Plaintiffs do/did not qualify for the exemption for executive employees under the FLSA/PMWA.

69.     Plaintiff and Class Plaintiffs do/did not qualify for the exemption for administrative employees under the FLSA/PMWA.  Plaintiff and Class Plaintiffs primary duties do/did not include the performance of work directly related to Defendant's management or general business operations, nor do/did they exercise discretion or independent judgment regarding matters of significance to Defendant.  Additionally, Plaintiff and Class Plaintiffs are/were not compensated on a bona fide salary or fee basis.  Rather, Plaintiff and Class Plaintiffs are/were compensated on an hourly basis.

70.     Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

71.     Plaintiff and Class Plaintiffs do/did not qualify for the exemption for learned professionals under the FLSA/PMWA.  Plaintiff and Class Plaintiffs are/were not compensated on a bona fide salary basis or fee basis.  Rather, Plaintiff and Class Plaintiffs are/were compensated on an hourly basis.

72.     Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

73.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

74.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

75.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

### Facts Pertaining to Plaintiff's Collective Claims for Gender-Based Pay Disparities under the Equal Pay Act

76.     Paragraphs 1 through 75 are hereby incorporated by reference as though the same were fully set forth at length herein.

77.     On or about July 1, 2019, during a conversation with coworkers during lunch, Plaintiff became aware of differential pay discrepancies between male and female employees performing identical work.

78.     Indeed, upon learning of the differential pay, Plaintiff confirmed she and EPA Collective Plaintiffs received significantly less pay for performing work requiring equal skill, effort and responsibility, and which was performed under similar working conditions.

79.     Plaintiff learned of multiple male employees, with similar and/or less work experience, compensated at a significantly higher rate than Plaintiff and, upon information and belief, EPA Collective Plaintiffs.

80.     Plaintiff and EPA Collective Plaintiffs were treated differently than male colleagues. By way of example, Defendant has paid Plaintiff and EPA Collective Plaintiffs less than similarly-situated male colleagues performing equal work on jobs the performance of which

requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

81.     The differential pay between male and female employees was not due to seniority, merit, quantity, or quality of production, but was due to gender.

82.     Defendant's actions were willful, not in good faith, and caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination on the basis of sex in violation of the EPA.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

83.     Paragraphs 1 through 82 are hereby incorporated by reference as though the same were fully set forth at length herein.

84.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

85.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per workweek.

86.     Defendant misclassified Plaintiff and Class Plaintiffs as "exempt" from overtime compensation under the FLSA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

87.     Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

88.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

89.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

90.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

91.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the positions of Consultant and/or Accountant Services or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earlies possible time to these individuals, informing them that this action has been filed, the nature of the action, and their right to opt-in to this lawsuit if they worked for

Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

     C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

     D.     Adjudicating and declaring the Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

     E.     Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

     F.     Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

     G.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

     H.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

     I.     Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

     J.     For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

92.     Paragraphs 1 through 91 are hereby incorporated by reference as though the same were fully set forth at length herein.

93.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

94.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

95.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

96.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof; and

C.    An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**FAIR LABOR STANDARDS ACT AS AMENDED BY**
**THE EQUAL PAY ACT**
**29 U.S.C. § 206,** *et seq.*
**DIFFERNTIAL PAY ON THE BASIS OF GENDER**

97.    Paragraphs 1 through 96 are hereby incorporated by reference as though the same were fully set forth at length herein.

98.    Defendant has discriminated against Plaintiff and EPA Collective Plaintiffs in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206, *et seq.*, as amended by the Equal Pay Act of 1963 ("EPA").

99.    Defendant has paid Plaintiff and EPA Collective Plaintiffs less than similarly-situated male colleagues performing equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

100.    The differential pay in between male and female employees was not due to seniority, merit, quantity, or quality of production, but was due to gender.

101.    Defendant's actions were willful, not in good faith, and caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA.

102.    As a result of Defendant's unlawful acts, Plaintiff and EPA Collective Plaintiffs have suffered damages including, but not limited to, lost past and future income, compensation and benefits.

**WHEREFORE**, Plaintiff, on behalf of herself and EPA Collective Plaintiffs, prays for the following relief:

19

A.    An Order certifying this case as a class action and designating Plaintiff as the representative of the Collective and her counsel as class counsel;

B.    A declaratory judgment that the practices complained of herein are unlawful and violate 29 U.S.C. § 206(d);

C.    An Order that Defendant's institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of gender, and that it eradicates the effects of their past and present unlawful employment practices;

D.    An Order requiring Defendant to develop and institute accurate and validated standards evaluating performance, determining pay, and making promotion decisions;

E.    Back pay, including interest and benefits, for Plaintiff and EPA Collective Plaintiffs;

F.    Liquidated damages;

G.    Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

H.    Awarding pre- and post-judgment interest and court costs as further allowed by law; and

I.    For all additional general and equitable relief to which Plaintiff and EPA Collective Plaintiffs may be entitled.

## COUNT IV
## FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*
### PLAINTIFF'S INDIVIDUAL CLAIM FOR RETALIATION

103.    Paragraphs 1 through 102 are hereby incorporated by reference as though the same were fully set forth at length herein.

104. Plaintiff engaged in protected activity under the FLSA by complaining of Defendant's unlawful business practices regarding unpaid wages/overtime compensation.

105. Shortly thereafter, Defendant retaliated against Plaintiff in the manner described above, ultimately terminating Plaintiff's employment for reasons which are clearly pretextual.

106. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees have violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

107. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotions distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully request that this Court enter judgment in her favor against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory, punitive, and/or liquidated damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

D.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E.     Pre-judgment interest in an appropriate amount; and

F.     Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
        Michael Murphy, Esq.
        Michael Groh, Esq.
        Edmund C. Celiesius, Esq.
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        murphy@phillyemploymentlawyer.com
        mgroh@phillyemploymentlawyer.com
        ec@phillyemploymentlawyer.com
        *Attorneys for Plaintiff*

Dated: 10/1/19

22

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff, Class/Collective Plaintiffs,' and the EPA Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.